42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Thomas TRUPIANO, Plaintiff, Appellant,
v.
CAPTAIN GUS & BROTHERS, INC., Defendant, Appellee.
 No. 94-1690.
 United States Court of Appeals,
First Circuit.
 Dec. 15, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert B. Collings, U.S. Magistrate Judge ]
 Joseph M. Orlando, with whom Orlando & Associates was on brief, for appellant.
 Thomas J. Muzyka, with whom Robert E. Collins and Clinton & Muzyka, P.C. were on brief, for appellee.
 D.Mass.
 AFFIRMED.
 Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Following an evidentiary hearing in which a magistrate judge awarded plaintiff-appellant Thomas Trupiano, a seaman, maintenance and cure,[1] Trupiano appealed. His appeal presents what amounts to a single factbound issue: whether the court below erred in failing to hold defendant-appellee, Captain Gus & Bros., Inc., liable for punitive damages and attorneys' fees in consequence of its refusal to pay maintenance and cure to Trupiano when and as due.
 
 
 2
 Plaintiff, of course, had the burden of proving defendant's liability for these imposts by showing that defendant was "callous, willful, or recalcitrant in withholding [maintenance and cure] payments." Robinson v. Pocahontas, Inc., 477 F.2d 1048, 1051 (1st Cir. 1973). Given that burden, given the conflicted nature of the evidence, given the gaps in the available information that existed up to the time of trial, and given, especially, the deferential standard of review that pertains, see, e.g., DiMillo v. Sheepscot Pilots, Inc., 870 F.2d 746, 749 (1st Cir. 1989) ("In maritime cases, we review factbound findings stemming from a bench trial in accordance with the 'clearly erroneous' principle of Fed. R. Civ. P. 52(a)."), we cannot say that the district court clearly erred in finding that defendant's failure to make timely payments of maintenance and cure, though eventually adjudged to be without adequate legal basis, did not justify the imposition of punitive damages and/or attorneys' fees. After all, when there are two plausible sets of inferences that can be drawn from the facts, the trier's choice between them cannot be clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990). So it is here.
 
 
 3
 We need go no further.[2] Because it "clearly appear[s] that no substantial question is presented" by this appeal, 1st Cir. R. 27.1, the judgment below can be summarily
 
 
 4
 Affirmed. Costs to appellee.
 
 
 
 [1]
 The evidentiary hearing followed a jury trial on issues involving claims of unseaworthiness and Jones Act liability. Those issues are not before us
 
 
 [2]
 To be sure appellant also complains that the lower court improperly denied his motion to amend in order to add the boat- owner's insurer as a party defendant. We think that ruling was well within the magistrate's discretion. In any event, the insurer's status as a party obviously would not have affected the outcome either of the case or of the appeal